WILLIAM A. EHLERS, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

274 N. W. 570

FILED JULY 16, 1937. No. 30054.

*W. R. Patrick* and *W. A. Ehlers,* for appellant.

*Monsky, Grodinsky, Marer & Cohen, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY and CARTER, JJ., and SPEAR and KROGER, District Judges.

KROGER, District Judge.

Appellant was arrested and placed in the county jail of Douglas county on a commitment issued by a notary public for contempt in refusing to answer certain questions put to him as a witness during the taking of depositions. He applied to the district court for a writ of habeas corpus and upon hearing had the court found he was not unlawfully detained and denied that he be released from custody.

It appears from the record that appellant was attorney for the defendants in a replevin action wherein the plaintiff

was seeking to recover possession of a certain Ford automobile. The officer not being able to locate the automobile, the depositions of appellant and his clients were being taken by plaintiff for the purpose of locating it. Appellant was asked if he had the automobile in his possession and if he knew where the automobile then was. To these and other similar questions, he refused to answer, giving as his reason that he was attorney for the defendants and that the information sought was confidential and privileged.

The notary thereupon issued an order of commitment, finding the witness in contempt for refusing to answer the questions and directing that he be placed under arrest and confined in the county jail of Douglas county until he submit to testify.

There are but two questions raised by this record. The first is whether the questions propounded to the witness called for confidential and privileged communications, and the second is whether the proceedings leading to the confinement of the witness were regular.

One of the questions asked the witness and which he refused to answer was: "Q. Do you have in your possession a Ford, two-door, automobile, year 1935, bearing motor No. 2193576?" If the witness obtained the automobile from his client, he obtained it either as an agent of his client or as a participant in the transaction, and in either event did not receive the same and the information he had as to its whereabouts did not come to him while he was acting in his professional capacity. Consequently, the question propounded to the witness did not call for the disclosure of a confidential communication between attorney and client and the witness was in contempt for refusing to answer the same.

Appellant argued in this court that the evidence sought to be elicited was not material to the replevin action and for that reason he was not in contempt for refusing to answer. This objection was not raised at the time the question was asked, nor was it raised in the district court, and

under the repeated holdings of this court will not be considered on appeal.

The proceedings leading to appellant's confinement are challenged by him on the ground that he was not "ordered" by the notary to answer the questions propounded to him and that consequently he could not be in contempt. It is undisputed that he was served with a subpœna and was paid his witness fee. He was asked by the notary if he refused to answer the questions put to him and answered that he did on the ground of privilege. He was asked if he was familiar with the penalty provided by statute for refusing to answer and he replied that he was. He was thereupon excused as a witness and a commitment was drawn and signed by the notary. This commitment recites the entire history of the proceeding and contains a finding that the witness is in contempt for refusing to answer the questions put to him. This was a substantial compliance with the statute. The appellant was not misled and he understood perfectly that he was being called upon to answer the questions then asked of him and that his refusing to answer would subject him to the statutory penalty.

We find no error in the record and the judgment of the trial court is

AFFIRMED.