STATE OF NEBRASKA, PLAINTIFF, V. JAKE DEGELE, DEFEND-
ANT.

291 N. W. 554

FILED APRIL 2, 1940. No. 30952.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke,* for plaintiff.

*Homer L. Kyle,* for defendant.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

This is an original action commenced in this court by the attorney general filing an information charging the defendant with contempt of court in refusing to answer a question which he was ordered to answer by a referee conducting a hearing for this court.

The information charged, in brief, that on January 12, 1940, the defendant was guilty of contempt, in that on or about said day, at a hearing held in Lancaster county, Nebraska, in case No. 30791, pending in this court, wherein the State of Nebraska, ex rel. Nebraska State Bar Association, was relator, and I. C. Bachelor was respondent, before the Honorable Leon L. Hines, the duly appointed, qualified and acting referee in said cause, heretofore appointed by this court, the defendant, Jake Degele, was called as a witness on behalf of the relator, and duly sworn by the said Honorable Leon L. Hines, as referee, and, having been so sworn, the defendant, Jake Degele, did then and there wilfully, unlawfully, feloniously and contemptuously refuse to answer

a legal and proper question propounded to him by the attorney general, which question was this: "Mr. Degele, at any time before the fire did you tell Mr. Bachelor that you were going to burn one of the houses on your farm?"

Defendant Degele was at said time an inmate of the state penitentiary, in which he was serving a sentence for arson.

One of the several answers made by Mr. Degele was this: "A. I don't know what you men got me in here for. I am serving time in the penitentiary for my crime, and why am I here? The Referee: You are here to testify, Mr. Degele, to the questions that the attorney general puts to you, and you will please answer them. If there is any objection on the grounds of incriminating yourself, why, you, of course, have the right to raise that objection; but in that question there is no such possibility, so you may answer the question. * * * Mr. Bachelor: I think he ought to have somebody here to represent him. A. Well, I am just going to refuse to answer any more questions. You can do with me as you darn please. I am serving time in the penitentiary, and I don't belong here, out there is where I belong, and I am just absolutely through. * * * Mr. Clarke: Well now, I think this witness has been thoroughly and fully and carefully advised about his duty here, and I frankly don't propose to undertake to examine him all afternoon with him asking the court to advise him. So at this time I ask the court to enter an order adjudging this witness guilty of contempt and punishing him in such manner as the referee sees fit."

The record shows generally that, after some further attempts by the referee, the referee squarely asked the witness whether he was refusing to answer any more questions, to which the witness replied: "Until I am a free man. You can put this case off until I am a free man."

It appears from the record that this proceeding is not an attempt to compel the witness to answer the questions set out, since the hearing in the Bachelor case has been completed. The attorney general insists that the defendant be

punished for his contumacious refusal to answer questions properly put to him in the hearing before the referee.

Our law applicable to this situation reads as follows: "Every court of record shall have power to punish by fine and imprisonment, or by either, as for criminal contempt, persons guilty of any of the following acts: First. Disorderly, contemptuous, or insolent behavior towards the court, or any of its officers in its presence; * * * Fourth. Any wilful attempt to obstruct the proceedings, or hinder the due administration of justice in any suit, proceedings, or process pending before the courts; Fifth. * * * the refusal to answer any legal and proper interrogatory." Comp. St. 1929, sec. 20-2121.

When defendant was first brought before this court on March 25, 1940, and pleaded not guilty, bail was fixed at $500, which he could not raise, and he was given 20 days in which to file answer. Thereafter, on March 30, 1940, he appeared before the court with his counsel, Homer L. Kyle, and thereupon Mr. Kyle requested that the defendant be allowed to withdraw his former plea of not guilty, and the defendant thereupon entered a plea of guilty. Thereupon, full statements were made by Rush C. Clarke, assistant attorney general, and Homer L. Kyle, and the court took the matter under advisement.

Courts are charged with the duty and necessity of guarding their proceedings against everything which interferes with due and orderly administration of justice (*McCauley v. State*, 124 Neb. 102, 245 N. W. 269), and a contempt committed before a duly appointed referee of this court cannot be overlooked, but must be punished, to enforce the orderly administration of justice.

"It has been held that court commissioners and referees may punish as for contempt disobedience of their orders, but it is more generally held that in the absence of express authority such officers have no such power." 17 C. J. S. 66, sec. 53.

This court has held, under section 64-107, Comp. St. 1929, that a notary public had the right to issue an order of com-

mitment finding a witness in contempt for refusing to answer a proper question, and directing that he be confined in the county jail of Douglas county. *Ehlers v. State,* 133 Neb. 241, 274 N. W. 570; *Id.,* 302 U. S. 655, 58 S. Ct. 364.

The record shows that the defendant has realized his error, for, after going over the matter at length with his attorney, he now enters a plea of guilty.

In consideration of all the facts and circumstances in this case, this court is of the opinion that a sentence of ten days, to be served in the jail of Lancaster county, will meet the ends of justice; said sentence to begin March 26, 1940, being the day upon which the defendant's attorney notified the clerk of this court of the defendant's desire to plead guilty.

SENTENCE TEN DAYS.